1  Richard T. Collins (Bar No. 166577)
   **CALLAHAN & BLAINE, APLC**
2  3 Hutton Centre Drive, Ninth Floor
   Santa Ana, California 92707
3  Telephone: (714) 241-4444
   Facsimile: (714) 241-4445
4
   Attorneys for Plaintiffs,
5  Carlos Gordoa, Ariani Reyes

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  CARLOS GORDOA, an individual;          **CASE NO.**
    ARIANI REYES, an individual; and
12  B.G, a minor;                          **COMPLAINT**

13               Plaintiff,                **DEMAND FOR JURY TRIAL**

14        v.                               Judge:     Hon.
                                           Date:
15  APPLE, INC., a California corporation; Time:
    LUXSHARE-ICT, INC., a California       Dept.:
16  corporation; and
    LUXSHARE PRECISION INDUSTRY            Complaint Filed:
17  CO., LTD., a Chinese corporation;      Trial Date:

18               Defendants.

19

20         Plaintiffs Carlos Gordoa and Ariani Reyes as parents of B.G., a minor, for

21  their complaints against Defendants Apple Inc. ("Apple"), Luxshare-ICT, Inc.

22  ("Luxshare-ICT"), and Luxshare Precision Industry Co., Ltd. ("Luxshare

23  Precision") (collectively, the "Defendants")[1] hereby demand a jury trial and allege

24  as follows:

25

26  ─────────────────────

27  [1]  To the extent necessary to preserve limitations against unknown but responsible defendants,
       Plaintiffs state that they are ignorant of the names of additional defendants who may be responsible
28     for the injuries described herein, and such defendants are hereby designated as John Does I – X.
       CAL. CODE CIV. PROC. § 474.

─────────────────────
                              Complaint

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

**NATURE OF ACTION**

1.      Apple is a ubiquitous tech-company that independently or through partners, subsidiaries, or affiliates manufactures, designs, formulates, tests, packages, labels, produces, creates, makes, constructs, assembles, markets, advertises, promotes, distributes, offers to sell and/or sells products ranging from hardware to software and whose products are used by—it seems—*everyone* including children.

2.      AirPods Pro®[2] (hereinafter referred to as "AirPods") are wireless Bluetooth in-ear headphones that Apple initially released on October 30, 2019. At all times relevant hereto, AirPods were manufactured, designed, formulated, tested, packaged, labeled, produced, created, made, constructed, assembled, imported, marketed, advertised, promoted, distributed, offered for sale and/or sold by Defendants.

3.      Defendants place defective AirPods into the stream of commerce that (a) fail to automatically reduce or limit notification and/or alert volumes, (b) fail to self-adjust, gradually increase, or otherwise equalize notification and/or alert volumes, and (c) fail to include any warnings of the defect(s) described herein or fail to include inadequate warnings of the defect(s) described herein.

4.      This is an action for personal injuries after defective AirPods worn by B.G. in his right ear produced ear shattering sound levels that ripped open B.G.'s right ear drum and damaged his cochlea during an Amber Alert notification, causing B.G. to suffer from tinnitus, significant and permanent hearing loss, other temporary or permanent injuries, pain, suffering, and disabilities leading to the loss of the pleasures of life.

---

[2] The terms "AirPods Pro" and "AirPods" mean AirPods Pro and AirPods Bluetooth wireless headphones and the hardware or software and any related devices and/or hardware or software components or accessories required for the use and operation of AirPods Pro and/or AirPods. The terms include, but are not limited to, devices such as iPhones, iPads, MacBooks, and any and all related hardware, software, services, operating system, or iOS required for the use and operation of AirPods Pro and/or AirPods.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

**PARTIES**

5.     Plaintiffs Carlos Gordoa and Ariani Reyes are individuals residing in San Antonio, Texas. Plaintiffs are the parents of B.G., a minor individual who also resides in San Antonio, Texas.

6.     Apple is a California corporation with its principal place of business located at One Apple Park Way, Cupertino, California 95014. Apple is located in the Northern District of California and does business within this judicial district.

7.     On information and belief, Luxshare-ICT is a California corporation with its principal place of business located at 890 Hillview Court, Suite 200, Milpitas, California 95035. Luxshare-ICT is located within the Northern District of California and, on information and belief, does business within this judicial district (a) independently, (b) as a subsidiary of Luxshare Precision, and/or (c) in partnership with Apple by importing, marketing, distributing, selling, and/or offering to sell AirPods sold by Apple in the United States and, specifically, the offending AirPods worn by B.G.

8.     On information and belief, Luxshare Precision is a corporation organized and existing under the laws of China with its principal place of business locate at No. 17 Kuiqing Road, Qinghuang Industrial Zone, Qingxi Town, Dongguan City 523650, China and/or 2/F Block A2, Sanyo New Industrial Zone, West Haoyi Community, Shajing Street, Baoan District, Shenzhen China. On information and belief, Luxshare Precision is the corporate parent or alter-ego of Luxshare-ICT. On information and belief, Apple partners with Luxshare Precision to manufacture AirPods in China. Further, on information and belief, Apple exercises control over Luxshare Precision and/or Luxshare Precision exercises control over Luxshare-ICT and/or acts through its partners, Apple and Luxshare-ICT, to export, import, market, distribute, sell, and/or offer to sell AirPods sold by Apple in the United States and, specifically, the offending AirPods worn by B.G. For example, Luxshare Precision presents Luxshare-ICT as its North American

1   Office.

CALLAHAN & BLAINE<br>A PROFESSIONAL LAW CORPORATION<br>3 HUTTON CENTRE DRIVE, NINTH FLOOR<br>SANTA ANA, CALIFORNIA 92707<br>TELEPHONE: (714) 241-4444<br>WWW.CALLAHAN-LAW.COM

2                    **JURISDICTION AND VENUE**

3       9.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332

4   because the Plaintiffs and Defendants are citizens of different states, the amount in

5   controversy exceeds seventy-five thousand dollars ($75,000.00), excluding interest

6   and costs, and there is complete diversity of citizenship between Plaintiffs and

7   Defendants.

8       10.     This Court has personal jurisdiction over Apple because, *inter alia*,

9   Apple is a California corporation having its principal place of business located

10  within this judicial district. Further, on information and belief, Apple regularly and

11  continuously transacts business within the State of California and within this judicial

12  district independently, and/or in partnership with each and all of the other

13  Defendants, to sell AirPods and, specifically, the AirPods worn by B.G.

14      11.     This Court has personal jurisdiction over Luxshare-ICT because, *inter*

15  *alia*, Luxshare-ICT is a California corporation having its principal place of business

16  located within this judicial district. Further, on information and belief, Luxshare-

17  ICT regularly and continuously transacts business within the State of California and

18  within this judicial district independently, as a subsidiary of Luxshare Precision,

19  and/or in partnership with Apple by exporting, importing, marketing, distributing,

20  selling, and/or offering to sell AirPods sold by Apple in the United States and,

21  specifically, the AirPods worn by B.G.

22      12.     This Court has personal jurisdiction over Luxshare Precision because,

23  on information and belief, Luxshare Precision regularly and continuously transacts

24  business within the State of California and within this judicial district either directly,

25  through the actions of Luxshare-ICT as its agent and/or alter-ego, and/or through a

26  partnership with Apple including exporting, importing, marketing, distributing,

27  selling, and/or offering to sell AirPods sold by Apple in the United States and,

28  specifically, the AirPods worn by B.G. Further, on information and belief, Luxshare

1  Precision routinely and purposefully avails itself of the benefits and protections of
2  the laws of the State of California and the United States.

3          13.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and
4  1400(b) because: Apple and Luxshare-ICT reside in this judicial district, Apple,
5  Luxshare-ICT, and Luxshare Precision independently, through corporate parents or
6  subsidiaries, or as partners have committed acts in this judicial district of exporting,
7  importing, marketing, distributing, selling, and/or offering to sell AirPods sold by
8  Apple in the United States and, specifically, the AirPods worn by B.G., and
9  Defendants maintain and/or are responsible for regular and established places of
10 business in this judicial district. For instance, Luxshare-ICT has its principal place
11 of business located at 890 Hillview Court, Suite 200, Milpitas, California 95035,
12 and Luxshare-ICT operates on Luxshare Precision's behalf.

13         14.     With respect to Luxshare Precision, venue is also proper under 28
14 U.S.C. §§ 1391(b), (c) and 1400(b) because as a foreign corporation, it may be sued
15 in any judicial district that has personal jurisdiction over it, including this judicial
16 district as set forth above.

17                                        **FACTS**

18         15.     Carlos Gordoa is the father of B.G. Ariani Reyes is the mother of B.G.
19 Plaintiffs and their son, B.G., reside in San Antonio, Texas. B.G.'s date of birth is
20 November 27, 2007. The defective AirPods (Serial No. GX8ZQ5*****) were
21 purchased new on November 29, 2019, at the La Cantera Apple Store located at
22 15900 La Cantera Pkwy, San Antonio, Texas 78256. The AirPods made the basis of
23 this lawsuit were not and have never been altered or repaired since the product was
24 purchased new from the Apple Store.

25         16.     On May 17, 2020, B.G. was watching Netflix on his iPhone connected
26 to the AirPods at a low volume when an Amber Alert went off suddenly, and
27 without warning, at a volume that tore apart B.G.'s ear drum, damaged his cochlea,
28 and caused significant injuries to B.G.'s hearing. Further, as a result of the damage

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    to his right ear, B.G. has suffered from bouts of dizziness, vertigo, and nausea. At 12

2    years old, B.G. suffered sudden and permanent hearing loss in his right ear, other

3    significant and temporary or permanent injuries, pain, suffering, and the loss of the

4    pleasures of life as a direct result of Defendants' defective AirPods.

5        17.    The severe hearing loss in B.G.'s right ear continues to persist. B.G.

6    will require consistent clinical follow-up visits, testing and monitoring, and must use

7    a hearing aid for the rest of his life:



21    B.G. has also battled through tinnitus since the incident. B.G.'s hearing was normal

22    and symmetric prior to the occurrence made the basis of this lawsuit.

23        18.    The AirPods are defective in that the design, manufacturing, and/or

24    lack of warnings or instructions or, in the alternative, inadequate warnings or

25    instructions subject(s) wearers to injury arising from the following non-exhaustive

26    unreasonable risks:

27            a)    the AirPods do not automatically reduce, control, limit, or

28    increment notification or alert volumes to a safe level that causes them to emit

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  or transmit, imperceptibly to the wearer until the time of such emission or

2  transmission, dangerous sounds directly into the ear canal while the user

3  incorrectly believes that the AirPods are working as intended, thereby posing

4  an unreasonable or serious risk to the wearer's hearing and health;

5        b)    when the AirPods are inserted into the ear according to

6  stated fitting instructions, an unreasonably dangerous environment is created

7  in the ear unbeknownst to the user such that sudden increases in sound

8  volumes associated with notifications or alerts are not properly equalized,

9  limited, controlled, incremented, or reduced, thereby posing and unreasonable

10 or serious risk to the wearer's hearing and health;

11       c)    following Defendants' standard instructions for use, or

12 insertion into the ear, poses an unreasonable or serious risk to a user's hearing

13 and general health arising from sudden, unexpected, and/or uncontrolled

14 increases in sound volumes associated with alerts or notifications; and

15       d)    the warnings, if any, and/or instructions that accompanied

16 the AirPods failed to provide the level of information that an ordinary user

17 would expect when using AirPods in a manner reasonably foreseeable to

18 Defendants.

19       19.    Defendants, and each of them, were aware of and knew about the

20 design, manufacturing, or marketing defects affecting the AirPods *via* numerous

21 complaints—prior to and after the occurrence made the basis of this lawsuit—by

22 AirPod wearers about the sudden and unexpected increase(s) in sound volume

23 during notifications or alerts that soared to dangerous, injurious levels but chose to

24 intentionally, knowingly, or recklessly ignore the issue(s) at least 1538 times as of

25 April 12, 2019, and subsequently, *to wit*:

26

27

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM





Gordoa Reyes Complaint

**CAUSES OF ACTION**

**I.    First Cause of Action – Negligence**

20.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs in this Complaint as though fully set forth herein.

21.    At all times relevant to this action, Defendants, and each of them, had a duty to manufacture, design, devise, test, package, label, produce, create, make, construct, assemble, market, advertise, promote, and distribute AirPods with reasonable and due care for the safety and well-being of those using AirPods including, but not limited to, Plaintiffs and B.G.

22.    B.G. was a foreseeable user of the AirPods in that Defendants, and each of them, knew, or in the exercise of reasonable care should have known, that AirPods would be used by adults, parents, and children, including Plaintiffs and

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

B.G.

23.     On information and belief, Defendants, and each of them, failed to exercise reasonable and due care under the circumstances and therefore breached their duties in the following ways:

a)      failing to design the AirPods in a manner which would automatically reduce or limit notification or alert volumes to a safe level;

b)      failing to design the AirPods in a manner which would properly self-adjust, equalize, reduce, limit, or increment sudden increases in sound volumes to a safe level when inserted according to the standard fitting instructions provided by Defendants;

c)      failing to properly and thoroughly test the AirPods prior to distributing the devices for public consumption or prior to placing such devices into the stream of commerce;

d)      failing to properly and thoroughly analyze the data resulting from testing of the AirPods;

e)      designing, manufacturing, distributing, and selling the AirPods without a warning or without an adequate warning of the significant and dangerous risks associated with AirPods.

f)      designing, manufacturing, distributing and selling the AirPods without instructions or without proper instructions to avoid the harm which could foreseeably occur because of using or inserting the AirPods in the manner intended by or as directed by Defendants;

g)      failing to fulfil the standard of care required of a reasonable and prudent manufacturer, designer, distributor, and/or seller of AirPods for consumer use, which were intended for use by persons of all ages or known to be used by persons of all ages;

h)      negligently continuing to manufacture, market, advertise, warn, instruct, distribute, offer to sell, and sell the AirPods to consumers of all

ages after Defendants knew or reasonably should have known of risks as described herein and/or the availability of safer alternative designs; and

i)      the warnings, if any, and/or instructions that accompanied the AirPods failed to provide the level of information that an ordinary user or consumer would expect when using AirPods in a manner reasonably foreseeable to Defendant.

24.     In the event Plaintiffs or B.G. received warnings or instructions or proper or adequate warnings or instructions as to the risks associated with AirPods including, but not limited to, instructing wearers that sudden, injurious increases in sound volume occur or are likely to occur as a result of alerts or notifications, or that wearers should turn off notifications because of the risk that sudden, injurious increases in sound volume occur or are likely to occur as a result of alerts or notifications, Plaintiffs and B.G. would have heeded the warning and/or instructions, or they would not have purchased the product.

25.     Defendants, and each of them, knew or reasonably should have known that the defective condition(s) of the AirPods made the devices unreasonably dangerous to people of all ages who use the devices.

26.     The AirPods were and are dangerous when used by consumers with common knowledge as to the devices's characteristics and common usage.

27.     Defendants, and each of them, knew or reasonably should have known of the defect(s) at the time that the AirPods were used by B.G.

28.     At all times relevant to this action, the AirPods were in a condition which made them unreasonably dangerous to an ordinary person.

29.     At all times relevant to this action, B.G. was using the AirPods in the manner in which such device was intended, as provided for by Defendants' instructions.

30.     As exporters, importers, designers, developers, manufacturers, inspectors, advertisers, distributors, suppliers, inventors, testers, packagers, labelers,

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

producers, creators, makers, constructors, assemblers, marketers, promoters, and/or sellers of AirPods, Defendants, and each of them, owed a duty of care to protect Plaintiffs, B.G., and all those similarly situated, including the countless consumers all over the world using Defendants' products.

31.    At all times relevant to this action, it was foreseeable to Defendants, and each of them, that their actions or omissions would lead to severe, permanent, and debilitating injuries to B.G. and all those similarly situated.

32.    As a direct and proximate result of each and all Defendants' negligence in designing, manufacturing, and marketing the defective AirPods, B.G. has suffered significant temporary and permanent, continuous injuries, pain and suffering, disability, and impairment. B.G. has suffered mental anguish, emotional trauma, physical harm, injuries, disability, and impairment in the past and that will continue into the future. B.G. has lost his ability to live a normal life, and he will continue to live a diminished life into the future, including a diminished earning capacity. Furthermore, B.G. has medical bills both past and future related to care arising from and relating to the injuries suffered as a result of the defective AirPods.

33.    By reason of the foregoing, Defendants, and each of them, are liable to Plaintiffs for all compensable damages as a result of Defendants' negligence.

## II.    Second Cause of Action – Strict Liability (Design Defect)

34.    Plaintiffs repeat and re-allege each and every allegation of this Complaint as if set forth in full in this cause of action.

35.    Defendants, and each of them, owe users of AirPods such as Plaintiffs and B.G. a duty of care to design a product that is not unreasonably dangerous to users.

36.    At all times relevant to this action, Defendants, and each of them, exported, imported, designed, developed, manufactured, inspected, advertised, distributed, supplied, invented, tested, packaged, labeled, produced, created, made, constructed, assembled, marketed, promoted, and/or sold the defective AirPods

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

thereby placing such product into the stream of commerce in a condition that was defective and unreasonably dangerous to consumers, including B.G.

37.  The AirPods are defective and unreasonably dangerous as a result of the following non-exhaustive defects in the design of the product:

a)  the AirPods do not automatically reduce, control, limit, or increment notification or alert volumes to a safe level that causes them to emit or transmit, imperceptibly to the wearer until the time of such emission or transmission, dangerous sounds directly into the ear canal while the user incorrectly believes that the AirPods are working as intended thereby posing an unreasonable or serious risk to the wearer's hearing and health;

b)  an unreasonably dangerous environment in the ear is created when, unbeknownst to the user, AirPods are inserted into the ear according to stated fitting instructions such that sudden increases in sound volumes associated with notifications or alerts are not properly equalized, limited, controlled, reduced, or incremented thereby posing and unreasonable or serious risk to the wearer's hearing and health; and

c)  following Defendants' standard instructions for use, or insertion into the ear, poses an unreasonable or serious risk to a user's hearing and general health arising from sudden, unexpected, and/or uncontrolled increases in sound volumes associated with alerts or notifications.

38.  At all times relevant to this action, AirPods were defective in their design in that they are not reasonably fit, suitable, or safe for their intended purpose or their foreseeable risks exceed the benefits associated with their design or, if applicable, there were safer alternative design(s) for the like product, hardware or software components, or related accessories.

39.  The AirPods were expected to reach, and did reach, users and/or consumers, including B.G., without substantial change in the defective and unreasonably dangerous condition in which they were designed, manufactured, and

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Gordoa Reyes Complaint

1  sold.

2  40.   B.G. used the AirPods in a foreseeable manner as normally intended,

3  recommended, promoted, presented, instructed, and marketed by the Defendants,

4  and each of them.

5  41.   The AirPods are defective in design and unreasonably dangerous for

6  the following reasons:

7  a)   the AirPods, as designed, failed to perform safely when

8  used by an ordinary consumer such as B.G., including when used as intended

9  and in a reasonably foreseeable manner; or

10  b)   in light of relevant factors, the benefits of the AirPods, as

11  designed, do not outweigh the risk of the dangers inherent in such design.

12  42.   Further, the AirPods were, and are, unreasonably dangerous and

13  defective in design for their intended use in that, when they left the hands of the

14  manufacturers and/or supplier, they posed a risk of inflicting significant and

15  temporary or permanent injury, including tinnitus and hearing loss, pain, suffering,

16  mental and emotional anguish, the loss of the pleasures of life, and other serious

17  injury which could have been reduced or avoided, *inter alia*, by the adoption of a

18  feasible, reasonable alternative design. There were safer alternative designs for the

19  like product.

20  43.   The AirPods, as designed, were insufficiently tested and caused

21  harmful adverse events that outweighed any potential utility. The AirPods, as

22  designed, manufactured, tested, and supplied, were defective due to failures to test

23  or study, inadequate testing or study, and/or failures to report or inadequate

24  reporting regarding the results of any testing or studies, if any, on sudden volume

25  increases.

26  44.   As a substantial factor or, in the alternative, as a direct and proximate

27  result of or, in the alternative, as a producing cause of the defectively designed

28  AirPods, as described herein, B.G. has suffered significant temporary and

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

permanent, continuous injuries, pain and suffering, disability, and impairment. B.G. has suffered mental anguish, emotional trauma, physical harm, injuries, disability, and impairment in the past and that will continue into the future. B.G. has lost his ability to live a normal life, and he will continue to live a diminished life into the future, including a diminished earning capacity. Furthermore, B.G. has medical bills both past and future related to care arising from and relating to the injuries suffered as a result of the defective AirPods.

45.     By reason of the foregoing, Defendants, and each of them, are liable to Plaintiffs for all compensable damages as a result of the defectively designed AirPods.

**III.   Third Cause of Action – Strict Liability (Failure to Warn)**

46.     Plaintiffs repeat and re-allege each and every allegation of this Complaint as if set forth in full in this cause of action.

47.     Defendants, and each of them, owe users of AirPods such as Plaintiffs and B.G. a duty of care to provide warnings or instructions or, in the alternative, adequate warnings or instructions regarding the risks of using such product.

48.     At all times relevant to this action, Defendants, and each of them, exported, imported, designed, developed, manufactured, inspected, advertised, distributed, supplied, invented, tested, packaged, labeled, produced, created, made, constructed, assembled, marketed, promoted, and/or sold defective AirPods thereby placing such product into the stream of commerce in a condition that was defective and unreasonably dangerous to consumers, including B.G.

49.     The AirPods are defective and unreasonably dangerous, in part, because there are no warnings or instructions or, in the alternative, inadequate warnings or instructions as to the following non-exhaustive risks:

a)      the AirPods do not automatically reduce, control, limit, or increment notification or alert volumes to a safe level that causes them to emit or transmit, imperceptibly to the wearer until the time of such emission or

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Gordoa Reyes Complaint

transmission, dangerous sounds directly into the ear canal while the user incorrectly believes that the AirPods are working as intended thereby posing an unreasonable or serious risk to the wearer's hearing and health;

b)      when the AirPods are inserted into the ear according to stated fitting instructions, an unreasonably dangerous environment is created in the ear unbeknownst to the user such that sudden increases in sound volumes associated with notifications or alerts are not properly equalized, limited, controlled, reduced, or incremented thereby posing and unreasonable or serious risk to the wearer's hearing and health; and

c)      following Defendants' standard instructions for use, or insertion into the ear, poses an unreasonable or serious risk to a user's hearing and general health arising from sudden, unexpected, and/or uncontrolled increases in sound volumes associated with alerts or notifications.

50.    The AirPods were defective and unreasonably dangerous when they left the possession of the Defendants, and each of them, in that they failed to contain warnings or instructions or contained warnings or instructions insufficient to alert consumers, including Plaintiffs and B.G., of the dangerous risks associated with such device.

51.    The warnings, if any, and/or instructions that accompanied the AirPods failed to provide the level of information that an ordinary consumer would expect when using the AirPods in a manner reasonably foreseeable to Defendant, and each of them.

52.    Had Plaintiffs or B.G. received warnings, instructions, proper or adequate warnings, or instructions as to the risks associated with the wear or use of AirPods including, but not limited to, instructing wearers that sudden, injurious increases in sound volume occur or are likely to occur as a result of alerts or notifications or that wearers should turn off notifications because of the risk that sudden, injurious increases in sound volume occur or are likely to occur as a result

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

of alerts or notifications, Plaintiffs and B.G. would have heeded the warning(s) and/or instruction(s) or they would not have purchased the product.

53.    Information provided by Defendants, and each of them, to Plaintiffs, B.G., and to consumers concerning the use, wear, and, if any, safety AirPods did not accurately reflect the serious and potentially life altering adverse events wearers such as B.G. could or would suffer.

54.    At all times relevant to this action, the AirPods were defective and unreasonably dangerous and presented a substantial danger to persons wearing the product, and these risks and dangers were known or knowable at or around the time of sale. Ordinary consumers would not have recognized the potential risks and dangers posed to wearers unaware of or caught off-guard by sudden increases in sound volume to injurious levels associated with alerts or notifications.

55.    Had adequate warnings and instructions been provided, Plaintiffs, B.G., and other similarly situated persons would not have been at risk of the harmful injuries described herein. Defendants, and each of them, failed to provide warnings or instructions or adequate warnings or instructions of such risks and dangers to wearers of AirPods as described herein. Neither Plaintiffs, nor B.G., knew, nor could they have learned through the exercise of reasonable care, the risks of serious injury associated with and/or caused by AirPods.

56.    Defendants, and each of them, knew or had knowledge of the failure to warn or instruct or that the warnings or instructions that were given failed to properly warn of the risks or increased risks of serious injury associated with and/or caused by AirPods.

57.    Plaintiffs, B.G., and other similarly situated persons reasonably rely upon the skill, superior knowledge, and judgment of the Defendants. Defendants, and each of them, had a continuing duty to warn consumers such as Plaintiffs and B.G. of the dangers associated with the subject product.

58.    As a substantial factor or, in the alternative, as the direct and proximate

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

result of or, in the alternative, as a producing cause of each and all Defendants' failure to warn or instruct or failure to adequately warn or instruct, B.G. has suffered significant temporary and permanent, continuous injuries, pain and suffering, disability, and impairment. B.G. has suffered mental anguish, emotional trauma, physical harm, injuries, disability, and impairment in the past and that will continue into the future. B.G. has lost his ability to live a normal life, and he will continue to live a diminished life into the future, including a diminished earning capacity. Furthermore, B.G. has medical bills both past and future related to care arising from and relating to the injuries suffered as a result of the defective AirPods.

59.    By reason of the foregoing, Defendants, and each of them, are liable to Plaintiffs for damages as a result of the failure to warn or instruct or failure to adequately warn or instruct.

## IV.    Fourth Cause of Action – Strict Liability (Manufacturing Defect)

60.    Plaintiffs repeat and re-allege each and every allegation of this Complaint as if set forth in full in this cause of action.

61.    Defendants, and each of them, owe users of AirPods such as Plaintiffs and B.G. a duty of care to manufacture a product that is not unreasonably dangerous to users.

62.    At all times relevant to this action, Defendants, and each of them, exported, imported, designed, developed, manufactured, inspected, advertised, distributed, supplied, invented, tested, packaged, labeled, produced, created, made, constructed, assembled, marketed, promoted, and/or sold defective AirPods thereby placing such product into the stream of commerce in a condition that was defective and unreasonably dangerous to consumers, including B.G.

63.    The AirPods suffer from a manufacturing defect and are unreasonably dangerous, in part, because the offending AirPods differ from Defendants' intended result or from other ostensibly identical units of the same product line for the following non-exhaustive reasons:

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

a) the AirPods do not automatically reduce, control, limit, or increment notification or alert volumes to a safe level that causes them to emit or transmit, imperceptibly to the wearer until the time of such emission or transmission, dangerous sounds directly into the ear canal while the user incorrectly believes that the AirPods are working as intended thereby posing an unreasonable or serious risk to the wearer's hearing and health;

b) when the AirPods are inserted into the ear according to stated fitting instructions, an unreasonably dangerous environment is created in the ear unbeknownst to the user such that sudden increases in sound volumes associated with notifications or alerts are not properly equalized, limited, controlled, reduced, or incremented thereby posing and unreasonable or serious risk to the wearer's hearing and health; and

c) following Defendants' standard instructions for use, or insertion into the ear, poses an unreasonable or serious risk to a user's hearing and general health arising from sudden, unexpected, and/or uncontrolled increases in sound volumes associated with alerts or notifications.

64. The AirPods were defective and unreasonably dangerous when they left the possession of the Defendants, and each of them.

65. As a substantial factor or, in the alternative, as a direct and proximate result of or, in the alternative, as a producing cause of the manufacturing defects, B.G. has suffered significant temporary and permanent, continuous injuries, pain and suffering, disability, and impairment. B.G. has suffered mental anguish, emotional trauma, physical harm, injuries, disability, and impairment in the past and that will continue into the future. B.G. has lost his ability to live a normal life, and he will continue to live a diminished life into the future, including a diminished earning capacity. Furthermore, B.G. has medical bills both past and future related to care arising from and relating to the injuries suffered as a result of the defective AirPods.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

66.     By reason of the foregoing, Defendants, and each of them, are liable to Plaintiffs for damages as a result of the manufacturing defects.

**V.     Fifth Cause of Action – Gross Negligence**

67.     Plaintiffs repeat and re-allege each and every allegation of this Complaint as if set forth in full in this cause of action.

68.     The wrongs committed by Defendants, and each of them, were aggravated by the kind of malice, fraud, oppression, and grossly negligent disregard for the rights of others, the public, Plaintiffs and B.G., for which the law would allow the imposition of punitive damages (and which Plaintiffs seek, as set forth below) under California Civil Code section 3294, and Defendants and each of them, through their officers, directors, and/or managing agents, had advance knowledge of and consciously disregarded such wrongful conduct, and otherwise authorized and/or ratified such wrongful conduct.

69.     Such punitive damages are appropriate given each and all Defendants' conduct, as further alleged herein,  which recklessly caused substantial injuries to B.G. or, when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others, of which Defendants were actually, subjectively aware of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

70.     Plaintiffs assert claims for punitive damages in an amount within the jurisdictional limits of the Court.

71.     The acts and omissions of each and all Defendants, whether taken singularly or in combination with others, constitute gross negligence that proximately caused the injuries to Plaintiffs and B.G. In that regard, Plaintiffs seek punitive damages in amounts that would punish Defendants for their conduct and which would deter other technology companies from engaging in such misconduct in the future.

## VI.   <u>Sixth Cause of Action – Breach of Implied Warranty</u>

72.    Plaintiffs repeat and re-allege each and every allegation of this Complaint as if set forth in full in this cause of action.

73.    At all times relevant to this action, Defendants, and each of them, exported, imported, designed, developed, manufactured, inspected, advertised, distributed, supplied, invented, tested, packaged, labeled, produced, created, made, constructed, assembled, marketed, promoted, and/or sold AirPods.

74.    At all relevant times, Defendants, and each of them, intended the AirPods to be used in the manner that B.G. in fact used them.

75.    Defendants, and each of them, impliedly warranted the AirPods to be of merchantable quality, safe and fit for the use for which the Defendants intended them and in the manner by which B.G. in fact used them.

76.    Defendants, and each of them, breached their implied warranties as follows:

- Defendants failed to provide the warning or instruction and/or an adequate warning or instruction which a person exercising reasonable care would have provided concerning that risk, in light of the likelihood that AirPods would cause harm;

- Defendants place[d] a product in the stream of commerce that was and is more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and the foreseeable risks associated with the AirPods design exceeded the benefits associated with that design and these defects existed at the time the product left the Defendants' control; and

- Defendants manufactured, imported, exported, distributed, supplied, and sold the AirPods subject of this lawsuit when such product deviated in a material way from the design

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1          specifications, test results (if any), performance standards, or

2          form otherwise identical units manufactured to the same design

3          specifications, test results (if any), performance standards, and

4          these defects existed at the time the product left Defendants'

5          control.

6         77.    As a result of the breached of implies warranties, as described herein, B.G. has suffered significant temporary and permanent, continuous injuries, pain and suffering, disability, and impairment. B.G. has suffered mental anguish, emotional trauma, physical harm, injuries, disability, and impairment in the past and that will continue into the future. B.G. has lost his ability to live a normal life, and he will continue to live a diminished life into the future, including a diminished earning capacity. Furthermore, B.G. has medical bills both past and future related to care arising from and relating to the injuries suffered as a result of the defective AirPods.

78.    By reason of the foregoing, Defendants, and each of them, are liable to Plaintiffs for damages as a result of the breaches of implied warranties.

**VII.**  **Seventh Cause of Action – Fraud by Non-Disclosure**

79.    Plaintiffs repeat and re-allege each and every allegation of this Complaint as if set forth in full in this cause of action.

80.    Defendants were aware of or knew about the defect(s) in the AirPods that (a) fail to automatically reduce or limit notification and/or alert volumes, (b) fail to self-adjust, incrementally increase, or otherwise equalize notification and/or alert volumes, and (c) fail to include any warnings of the defect(s) described herein or fail to include adequate warnings of the defect(s) described herein, but Defendants chose to conceal or suppress these known defects by, among other actions or inactions, leaving such information off the standard warnings or instructions provided to users:

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM



**Safety and handling**

**Important safety information**
Handle AirPods and case with care. They contain sensitive electronic components, including batteries, and can be damaged or cause injury if dropped, burned, punctured, crushed, disassembled, or if exposed to excessive heat or liquid. Don't use damaged AirPods or case.

**Bluetooth®**
To turn off Bluetooth on AirPods, put them in the case and close it.

**Batteries**
Don't attempt to replace AirPod or case batteries yourself—you may damage the batteries, which could cause overheating and injury.

**Lightning cable and connector**
Avoid prolonged skin contact with the connector when the Lightning to USB Cable is plugged into a power source, because it may cause discomfort or injury. For example, while the case is charging using the Lightning to USB Cable and a power adapter plugged into a power source, don't sit or sleep on the Lightning connector or place it under a blanket, pillow, or your body. Take special care if you have a physical condition that affects your ability to detect heat against your body.

**Hearing loss**
Listening to sound at high volumes may permanently damage your hearing. Background noise, as well as continued exposure to high volume levels, can make sounds seem quieter than they actually are. Check the volume before inserting AirPods in your ear. For more information about hearing loss and how to set a maximum volume limit, see www.apple.com/sound.

 **WARNING:** To prevent possible hearing damage, do not listen at high volume levels for long periods.

**Driving hazard**
Use of AirPods while operating a vehicle is not recommended and is illegal in some areas. Check and obey the applicable laws and regulations on the use of earphones while operating a vehicle. Be careful and attentive while driving. Stop listening to your audio device if you find it disruptive or distracting while operating any type of vehicle or performing any activity that requires your full attention.

**Choking hazard**
AirPods and case may present a choking hazard or cause other injury to small children. Keep them away from small children.

**Medical device interference**
AirPods and case contain components and radios that emit electromagnetic fields. AirPods and case also contain magnets. These electromagnetic fields and magnets may interfere with pacemakers, defibrillators, or other medical devices. Consult your physician and

81.   Defendants, and each of them, had a duty to warn about, provide instructions concerning, and, at the very least, disclose the facts regarding sudden, unexpected, and/or uncontrolled increases in sound volumes associated with alerts or notifications to AirPods users including Plaintiffs and B.G., and Defendants, and each of them, intended to defraud AirPods users including Plaintiffs and B.G. by intentionally concealing or suppressing these facts. Plaintiffs and B.G. were unaware of these facts, and Plaintiffs and B.G. would have heeded the warning and/or instructions or they would not have purchased the product had they known of these concealed or suppressed facts.

82.   As a result of the concealment or suppression of the facts described above and as alleged throughout this Complaint, B.G. has suffered significant

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

temporary and permanent, continuous injuries, pain and suffering, disability, and impairment. B.G. has suffered mental anguish, emotional trauma, physical harm, injuries, disability, and impairment in the past and that will continue into the future. B.G. has lost his ability to live a normal life, and he will continue to live a diminished life into the future, including a diminished earning capacity. Furthermore, B.G. has medical bills both past and future related to care arising from and relating to the injuries suffered as a result of the defective AirPods.

83.     By reason of the foregoing, Defendants, and each of them, are liable to Plaintiffs for damages as a result of the manufacturing defects.

84.     The wrongs committed by Defendants, and each of them, were aggravated by the kind of malice, fraud, oppression, and grossly negligent disregard for the rights of others, the public, Plaintiffs and B.G., for which the law would allow the imposition of punitive damages (and which Plaintiffs seek, as set forth below) under California Civil Code section 3294, and Defendants and each of them, through their officers, directors, and/or managing agents, had advance knowledge of and consciously disregarded such wrongful conduct, and otherwise authorized and/or ratified such wrongful conduct.

85.     Such punitive damages are appropriate given each and all Defendants' conduct, as further alleged herein,  which recklessly caused substantial injuries to B.G. or, when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others, of which Defendants were actually, subjectively aware of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

86.     Plaintiffs assert claims for punitive damages in an amount within the jurisdictional limits of the Court.

87.     The acts and omissions of each and all Defendants, whether taken singularly or in combination with others, constitute fraud that proximately caused

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Gordoa Reyes Complaint

1 the injuries to Plaintiffs and B.G. In that regard, Plaintiffs seek punitive damages in

2 amounts that would punish Defendants for their conduct and which would deter

3 other technology companies from engaging in such misconduct in the future.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – CARLOS GORDOA

6    88.    Plaintiffs repeat and re-allege each and every allegation of this

7 Complaint as if set forth in full in this cause of action.

8    89.    Plaintiff Carlos Gordoa is B.G.'s father. Each and all Defendants'

9 negligent conduct or negligent failure(s) to act as alleged in this Complaint caused

10 B.G. to suffer injuries. Mr. Gordoa was present at the scene of the incident made the

11 basis of this lawsuit when it occurred and was aware that B.G. was injured. Indeed,

12 Mr. Gordoa took this picture shortly after the incident:



24    90.    The concern on B.G.'s face was palpable and the concern was

25 immediately felt by his father. As a result of B.G.'s injuries, Mr. Gordoa reasonably

26 suffers from severe emotional distress beyond that which would be anticipated in a

27 disinterested witness and/or beyond that which an ordinary, reasonable person

28 would be able to cope.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

91.     By reason of the foregoing, Defendants, and each of them, are liable to Mr. Gordoa for damages as a result of the serious emotional stress engendered by each and all Defendants' negligent conduct or failure(s) to act.

## DEMAND FOR JURY TRIAL

92.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby request a jury trial on all issues triable by a jury.


Dated:  May 16, 2022                    **CALLAHAN & BLAINE, APLC**

                                        By: _____
                                            Richard T. Collins
                                            Attorneys for Plaintiffs,
                                            Carlos Gordoa, Ariani Reyes

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM