UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GORDOA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>APPLE, INC., et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-02900-JSC<br><br>**ORDER RE: MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 45 |

Plaintiffs bring product defect and related claims against Defendants, Apple Inc., Luxshare-Ict, Inc., and Luxshare Precision Industry Co., Ltd, after Plaintiff B.G. suffered permanent damage to his right ear following delivery of an Amber Alert notification through his Apple AirPod Pro headphones.  (Dkt. No. 41.)  Before the Court is Apple's partial motion to dismiss two of Plaintiffs' claims and request for punitive damages, which is joined by Defendants Luxshare-Ict, Inc., and Luxshare Precision Industry Co., Ltd.  (Dkt. Nos. 45, 46.)  Having reviewed the parties' briefs and having had the benefit of oral argument on October 20, 2022, the Court GRANTS the motion to dismiss.

**DISCUSSION**

**A. Choice of Law**

Defendants insist that Texas law governs this dispute.  Because jurisdiction in this case is premised on diversity, the Court applies California's governmental interest test to determine which law applies to the claims. *See Rustico v. Intuitive Surgical, Inc.*, 993 F.3d 1085, 1091 (9th Cir. 2021); *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 87 (2010).  The governmental interest test has three parts: (1) "whether the substantive laws of California and the foreign jurisdiction differ on the issue before it"; (2) if the laws do differ, "what interest, if any, the competing jurisdictions

have in the application of their respective laws"; and (3) if more than one jurisdiction has a legitimate interest, a "comparative impairment of the interested jurisdictions" to determine "whose interest would be the more impaired if its law were not applied." *Cooper v. Tokyo Elec. Power Co. Holdings, Inc*., 960 F.3d 549, 559 (9th Cir. 2020), *cert. denied*, 209 L. Ed. 2d 503 (Mar. 29, 2021) (cleaned up). The Court must conduct a choice-of-law analysis for each issue, and Defendants bear the burden to show Texas law applies. *See, e.g., Wash. Mut. Nat'l Bank v. Sup. Ct*., 24 Cal. 4th 906, 919-20 (2001).

Defendants have not met their burden here. Defendants assert that California and Texas law differ in material respects, but their opening brief provides no law to support that attorney argument. (Dkt. No. 45 at 14.) Further, their analysis falls well short of the type of comparative impairment analysis required. *See Cooper*, 960 F.3d at 559 (requiring court to be able to "identify and apply 'the law of the state whose interest would be the more impaired if its law were not applied"). (Dkt. No. 45 at 14-15.) Accordingly, the Court assumes, without finally deciding, that California law applies to Plaintiffs' claims.

**B. Adequacy of Allegations**

**1. Gross Negligence**

Gross negligence requires "the traditional elements of negligence: duty, breach, causation, and damages" plus "conduct by the defendant involving either want of even scant care or an extreme departure from the ordinary standard of conduct." *Chavez v. 24 Hour Fitness USA, Inc*., 238 Cal. App. 4th 632, 640 (2015) (cleaned up). "[M]ere nonfeasance, such as the failure to discover a dangerous condition or to perform a duty, amounts to ordinary negligence." *Anderson v. Fitness Internat., LLC*, 4 Cal. App. 5th 867, 881 (2016) (cleaned up). "[C]onduct demonstrating the failure to guard against, or warn of, a dangerous condition typically does not rise to the level of gross negligence." *Id.*

Plaintiffs allege that Defendants were aware of "the design, manufacturing, or marketing defects affecting the AirPods from a long list of complaints and inquiries made by Apple's own customers through Apple's own 'discussion' forum on Apple's own website." (Dkt. No. 41 at ¶ 20.) The FAC details a number of posts to the Apple Community forum, only three of which are

2

1  relevant here as the rest postdate the May17, 2020 incident.  First, in September 2018 a user
2  inquired as to "how to turn down the 'alert volume' when wearing her AirPods because '[i]t scares
3  me half to death every time and hurts my ears.'"  (*Id*.)  Second, in April 2019, another user posted
4  "when a notification comes through I want to rip my AirPods out, is so loud!"  (*Id*. at ¶ 21.)  A
5  "community specialist" responded to this post with suggestions for turning down the notification
6  volume.  (*Id.*)  Third, in October 2019, another user complained that the AirPod notifications
7  "come in excruciatingly loud."  (*Id*. at ¶ 22.)  A "community specialist" likewise responded to this
8  post with suggestions for how to adjust the volume.  (*Id*.)

9  "Gross negligence connotes such a lack of care as may be presumed to indicate a passive
10 and indifferent attitude toward results."  *Chavez*, 238 Cal. App. 4th at 640 (cleaned up).  The
11 allegations here do not plausibly suggest that Defendants evidenced an extreme lack of care
12 sufficient to indicate indifference to the risk of permanent hearing loss.  First, none of the user
13 comments cited put Apple on notice of the risk of injury, let alone the risk of the type of injury
14 alleged here.  Second, none of the posts refer to a problem with the AirPods failing to
15 automatically adjust the notification volume, which is the defect alleged here.  Third, to the extent
16 that the posts refer to issues with the volume of the notifications, Apple responded to the posts
17 with suggestions to reduce the volume on the notifications and there is no allegation that Apple
18 was told that these suggestions did not work to lower the volume of notifications generally or
19 Amber Alert notifications specifically.  Plaintiffs must allege that Defendants did more than fail to
20 discover an allegedly dangerous condition. *See Anderson*, 4 Cal. App. 5th at 882.

21 As currently pled, Plaintiffs have not alleged "extreme conduct" sufficient to give rise to a
22 claim for gross negligence under California law.

### 2. Fraud by Non-Disclosure

24 The "elements of a cause of action for fraud are: (1) a misrepresentation, which includes a
25 concealment or nondisclosure; (2) knowledge of the falsity of the misrepresentation, i.e., scienter;
26 (3) intent to induce reliance on the misrepresentation; (4) justifiable reliance; and (5) resulting
27 damages." *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004), as modified (Dec. 30,
28 2004) (cleaned up).  "[T]he mere assertion of reliance is insufficient. The plaintiff must allege the

3

1  specifics of his or her reliance on the misrepresentation to show a bona fide claim of actual
2  reliance. Actual reliance occurs when the defendant's misrepresentation is an immediate cause of
3  the plaintiff's conduct, altering his legal relations, and when, absent such representation, the
4  plaintiff would not, in all reasonable probability, have entered into the transaction." *Id*. (cleaned
5  up).

6  Plaintiffs allege that Defendants were aware of, but did not disclose, that the subject
7  AirPods Pro were defective because they "(a) fail to automatically reduce or limit notification
8  and/or alert volumes; (b) fail to self-adjust, incrementally increase, or otherwise equalize
9  notification and/or alert volumes; and (c) fail to include any warnings of the defect(s) described
10 herein or fail to include adequate warnings of the defect(s)." (Dkt. No. 41 ¶ 83.)  Further,
11 "Plaintiffs and B.G. were unaware of these defects and facts, and Plaintiffs and B.G. would have
12 heeded the warning and/or instructions or they would not have purchased the product had they
13 known of these concealed or suppressed facts."  (*Id*. at ¶ 86.)

14 Plaintiffs' allegations fail to state a claim for fraud by nondisclosure because they fail to
15 support a plausible inference either that (1) Apple was aware of the defect, or (2) that Plaintiffs
16 relied on the nondisclosure.  Plaintiffs rely on the comments posted on Apple's community forum
17 to demonstrate that Apple was aware of the defect—the failure of the AirPods to automatically
18 adjust volume—however, as with the gross negligence claim, these posts fail to put Apple on
19 notice of the alleged defect as none of the posts were about the fact that the AirPods did not
20 automatically adjust the volume for notifications or that serious injury resulted from the
21 notification volume.  *See Wilson v. Hewlett-Packard Co*., 668 F.3d 1136, 1145 (9th Cir. 2012)
22 (noting that under California law, plaintiffs must allege that the defendant was aware of the
23 defect).

24 Further, Plaintiffs have not alleged that they reviewed the product information and relied to
25 their detriment on the lack of a warning regarding notification levels.  (Dkt. No. 41 at ¶ 29 ([i]n
26 the event Plaintiffs or B.G. received warnings or instructions or proper or adequate warnings or
27 instructions as to the risks associated with AirPods….Plaintiffs and B.G. would have heeded the
28

4

warning and/or instructions.").)[1] Given Plaintiffs' failure to allege that they read the information that was disclosed, their allegations do not support a plausible inference that had additional information been disclosed—such as the alleged defect—that they would have behaved differently. *See Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093 (1993) ("to prove reliance on an omission[ [o]ne need only prove that, had the omitted information been disclosed one would have been aware of it and behaved differently.") Plaintiffs' reliance on *Peel v. BrooksAmerica Mortg. Corp.*, 788 F. Supp. 2d 1149, 1162 (C.D. Cal. 2011), is unpersuasive. That case was about loan documents and the interest rates disclosed; it is reasonable to presume that a consumer would read such an important documents. Not so with the instructions/warnings for AirPods.

Accordingly, Plaintiffs have not plausibly alleged a claim of fraud by non-disclosure.

### 3. Punitive Damages

Plaintiffs' punitive damages request flows from their gross negligence and fraud claims. (Dkt. No. 41 at ¶¶ 38-40; 89-91.) Because those claims are dismissed, Defendants' motion to dismiss the punitive damages request is moot.

### CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is GRANTED. Plaintiffs may file an amended complaint within 14 days of this Order. If Plaintiffs elect not to do so, Defendants' answer is due November 10, 2022.

The Court sets an initial case management conference for November 17, 2022 at 1:30 p.m. via Zoom video with a joint case management statement due November 10, 2022.

This Order disposes of Docket No. 45.

**IT IS SO ORDERED.**

Dated: October 21, 2022

JACQUELINE SCOTT CORLEY
United States District Judge

---

[1] Plaintiffs do not allege that the warning reprinted in the FAC is the warning that was provided with Plaintiffs' AirPod Pros or that Plaintiffs otherwise read that warning. (Dkt. No. 41 at ¶ 83.)