UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GORDOA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>APPLE, INC., et al.,<br><br>　　　　Defendants. | Case No. 22-cv-02900-JSC<br><br>**ORDER RE: DISCOVERY DISPUTE JOINT LETTER**<br><br>Re: Dkt. Nos. 143 |

Pending before the Court is a discovery dispute joint letter. (Dkt. No. 143.) Consistent with nearly all judges in this District, the Court's Civil Standing Order provides:

> Issue-by-issue, the joint statement shall describe each unresolved issue, summarize each party's position with appropriate legal authority, and provide each party's final proposed compromise before addressing the next issue. It is preferable that the parties file a separate statement for each dispute. Where necessary, the parties may submit supporting declarations and documentation of up to 12 pages.

Standing Order for District Judge Jacqueline Scott Corley, Feb. 17, 2023, p. 4.

**A. Depositions**

Plaintiffs' letter brief on the depositions issue states in its entirety:

> Plaintiffs requested the depositions of fact witnesses who have personal knowledge of material facts from their employment and work for Apple, and a corporate representative to testify on Apple's behalf on substantive matters. Plaintiffs contend they are entitled to these depositions. Defendant contends that the depositions as requested are duplicative, irrelevant, and/or harassing.

(Dkt. No. 143 at 2.) This submission does not adequately advise the Court of the dispute, let alone give reasons for ruling in Plaintiffs' favor, or even identify what ruling Plaintiffs seek. If Plaintiffs intended to rely on a footnote reference to their emails with Defendant, such reliance is improper. Plaintiffs' approach violates the Standing Order that the letters not exceed five pages.

1  The attachments to the letter also violate the Standing Order's requirement that such attachments not exceed 12 pages. If more space was needed, Plaintiffs could have filed a separate discovery dispute letter regarding depositions; indeed, the Standing Order states such an approach is *preferred*.

Plaintiffs appear to believe they do not have to put their arguments in the letter and that instead they can "address them and object in briefing and oral arguments that follow." (Dkt. No. 143 at 4.) The Court is unclear on how Plaintiffs got the idea they could proceed in this manner. If they wanted an informal discovery conference, they were required to schedule a conference with the Court's Courtroom Deputy Clerk with no written submission made in advance. When a written discovery dispute joint letter is submitted, the Court decides whether a hearing is required. And if a party believes a status conference is warranted, a party can request a status conference. But a party cannot put the opposing party to the burden of preparing a discovery dispute joint letter only to say, "but I reserve my right to make other arguments."

So, Plaintiffs' opaque request regarding "depositions" is DENIED.

**B.  Sound Files, User Interface, and Usability**

Plaintiffs' motion is based on the wrong legal standard. They contend the Court should compel production because the evidence they seek is "reasonably calculated to lead to the discovery of admissible evidence." (Dkt. No. 143 at 2, 3.) "However, Rule 26(b)(1) was amended effective December 1, 2015, to address the problem of overbroad, abusive, and expensive discovery." *Eagle Air Med Corp. v. Sentinel Air Med. All.,* 2018 WL 3370528, at *2 (D. Nev. July 10, 2018) (citing Advisory Committee Notes to 2015 Amendment). As part of those amendments, Rule 26 no longer provides for production if requests are "reasonably calculated to lead to the discovery of admissible evidence." Instead, Rule 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(3).

Plaintiffs do not explain how the discovery they seek meets this standard; indeed, their submission does not explain how it is relevant to a claim or defense in this action, let alone proportional to the needs of the case. Instead, they continuously assert the discovery is in some unexplained way "reasonably calculated to lead to the discovery of admissible evidence."

As Plaintiffs have not met their burden, their motion to compel this evidence is DENIED.

**C. Customer Complaints**

Plaintiffs move to compel customer complaints from outside the United States about ear damage from Air Pods. Defendant's insistence such complaints are not relevant because Amber Alerts do not exist outside the United States defines relevance too narrowly. Defendant also contends Plaintiffs, in effect, waived their right to seek such discovery because Defendant told them over a year ago that it was only producing United States complaints. But they do not cite any caselaw or rule to support that proposition, and there is nothing in the present submission that supports a finding Plaintiffs knowingly waived their right to seek complaints outside the United States. Finally, it appears such complaints are in a different database than the database searched for the United States complaints, so responding to the request will not duplicate work. So, Plaintiffs' motion to compel customer complaints outside the United States is GRANTED.

This Order disposes of Docket No. 143.

**IT IS SO ORDERED.**

Dated: April 8, 2024

JACQUELINE SCOTT CORLEY
United States District Judge