UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GORDOA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No. 3:22-cv-02900-JSC<br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL SUMMARY JUDGMENT AND *DAUBERT* BRIEFING**<br><br>Re: Dkt. Nos. 198, 208, 213 |

In connection with the Apple's motion for summary judgment and motion to exclude Plaintiff's expert, Dr. Hahn, the parties filed several motions to seal. (Dkt. Nos. 198, 208, 213.) This Order resolves those motions.

In considering motions to seal, courts recognize "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (cleaned up). Parties seeking to seal judicial records relating to motions such as this that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process," *Kamakana*, 447 F.3d at 1178–79 (cleaned up). A request to seal may be supported by compelling reasons if the documents or portions of documents at issue are "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F.3d at 1097 (citation omitted); *Nixon*, 435 U.S. at 598. Designating parties moving to seal their own or another party's materials must comply with Civil Local Rule 79-5. The rule supplements the "compelling reasons" standard. *Scramoge Tech. Ltd. v. Apple, Inc.*, No. 22-cv-

1  03041-JSC, 2023 WL 3168322, at *5 (N.D. Cal. Apr. 17, 2023).

2      Apple seeks sealing of portions of Exhibits A and C, and all of Exhibit B submitted with
3  its motion for summary judgment and motion to exclude Plaintiffs' causation opinion. (Dkt. No.
4  198.) Apple contends sealing is proper because the documents contain "sensitive business
5  information" including information regarding Apple's safety testing protocols, and the scope
6  nature, and timing of Apple product testing. (Dkt. No. 198-1 at ¶¶ 4-5.) Apple has met its burden
7  of demonstrating sealing of the limited portions of these documents is appropriate and its motion
8  is GRANTED.

9      Plaintiffs seek sealing of **all** 22 exhibits to their opposition to Apple's motion for summary
10 judgment and motion to exclude in their entirety. (Dkt. No. 208.) Plaintiffs only statement in
11 support of sealing is that the documents "contain confidential information that are protected under
12 the parties' Agreed Protective Order." (*Id*. at 2.) There is a presumption of public access to
13 judicial records and documents. *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978).
14 "Reference to a stipulation or protective order that allows a party to designate certain documents
15 as confidential is not sufficient to establish that a document, or portions thereof, are sealable."
16 Civil L.R. 79-5(c). Parties' requests must be "narrowly tailored to seal only the sealable material."
17 *Id.* at 79-5(c)(3). Requests need to include "a specific statement" with the reasons for keeping a
18 document under seal and explain the interests warranting sealing, the injury that will result without
19 sealing, and why a less restrictive alternative is not sufficient. *Id.* at 79-5(c)(1). Plaintiffs'
20 motion is DENIED.

21     Apple filed a more narrowly tailored request seeking sealing of portions of Exhibits 12,
22 13, 14, and 15, to Plaintiffs' opposition. (Dkt. No. 213.) Apple contends these documents are
23 sealable because they contain Apple's sensitive business information including discussions of
24 Apple's proprietary and confidential source code. (Dkt. No. 213-1 at ¶¶ 4, 5.) Apple has met its
25 burden of demonstrating sealing of the limited portions of these documents is appropriate and its
26 motion is GRANTED.

27     //
28     //

1   This Order disposes of Docket Nos. 198, 208, 213.

3   **IT IS SO ORDERED.**

4   Dated: April 28, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge